UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD EUGENE MOTLEY,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>Defendants. | No. 2:24-cv-00002-EFB (PC)<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  ECF Nos. 2, 4.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's claims arise from his confinement at Mule Creek State Prison.  ECF No. 1 at 1.  He alleges that he became terribly ill on May 22, 2022 with various gastric symptoms.  *Id.* at 3.  The illness continued for two days and increased to the point that plaintiff went to the institutional

clinic. *Id.* Plaintiff informed staff there that he believed he had been made sick by chicken on his dinner tray. *Id.* A nurse told him, "Every time they serve chicken we get a few of you guys." *Id.* Another nurse, defendant Doe No. 5, gave plaintiff a dose of Zofran for nausea, but it caused plaintiff to vomit more violently than before. *Id* at 3-4. A doctor, Doe No. 2, sent plaintiff out to the emergency room for further treatment, but did not record that plaintiff's illness was food-borne. *Id.* at 4, 6. An EMT in the ambulance told plaintiff that Doe No. 5 had administered the Zofran too quickly. *Id.* at 4. At the hospital, plaintiff was diagnosed with enteritis, treated, and discharged. *Id.*

Plaintiff submitted a grievance seeking information related to the meal served on May 25th and the individuals who had prepared it. *Id.* He questioned several dining hall workers, who informed him that:

(a) Between January and March of 2022, a portion of the ceiling in the dining hall collapsed from black mold;

(b) Along with the fungus/mildew from the ceiling, there was a dead possum, a squirrel, and several dead rats and mice;

(c) The supervisors attempted to get the incarcerated workers in the dining hall to clean the mess from the ceiling, but out of fear of being contaminated they refused;

(d) The mess remained piled up on the floor for more than a month before it was removed;

(e) The dining hall supervisors did not wear or require the incarcerated workers to wear aprons and hair coverings while handling food unless their supervisors showed up;

(f) The hot water in the scullery worked infrequently;

(g) The dishwasher was inoperable for several months;

(h) The supervisors directed the incarcerated workers to use a pressure washer with no soap to clean the trays…;

(i) After the ceiling caved in at least one of the incarcerated workers experienced breathing problems and queasiness resulting in requesting a job change;

(j) Due to rat infestation there is a permanent stench of urine throughout the dining hall along with rat traps placed strategically throughout the dining hall;

(k) Where the condiments are stored there are rat droppings and many of the condiment packs are chewed on along the corners;

3

  (l) There are multiple complaints regarding the unsanitary conditions in the kitchen;

  (m) The dining hall is closed to diners due to structural damage from mold, so the meals are transported to the cells;

  (n) By the time the meals are transported to the housing units the food is cold and subject to airborne pathogens;

  (o) Many of the inmate dining workers advise the population not to eat off the trays.

*Id.* at 4-5. Plaintiff alleges that despite the complaints, defendant Warden Patrick Covello has not remedied the sanitation issues in the MCSP kitchen. *Id.* at 5.

  Plaintiff further alleges that in responding to his grievance, defendant Mosely refused to provide plaintiff with names of food service employees who were working on May 25th, because there was no report indicating that plaintiff's illness was food-borne. *Id.* at 5-6. Plaintiff blames Doe No. 3 (the doctor) and Doe No. 4 (a watch commander at MCSP) for failing to report that his illness was food-borne. *Id.* at 6. This failure impeded plaintiff's evidence-gathering efforts. *Id.* Another grievance reviewer, defendant Gates, refused to provide plaintiff with the name of Doe No. 5 (the nurse who administered Zofran).

  Various factors allegedly caused plaintiff to miss the deadline to file a claim with California's Government Claims Board. *Id.* at 7. He prepared a request to file a late claim, which he provided to defendant Armenta to mail along with his certified trust document. *Id.* at 7-8. He never received a response from the Board. *Id.* While Armenta told plaintiff she mailed the request on January 26, 2023, a mailroom staff member told plaintiff there was no record of legal mail for January or February 2023. *Id.*

  Plaintiff asserts three categories of claims: (1) that the kitchen conditions exposed him to a food-borne pathogen in violation of the Eighth Amendment; (2) that his First Amendment rights and due process rights under the 14th Amendment were violated by conduct that impeded his ability to gather evidence and submit a tort claim; and (3) that defendants were negligent in violation of California law. The court will address each category in turn.

  <u>Deliberate Indifference</u>. Plaintiff alleges that defendants Covello, Doe No. 1 (Supervising Cook), and Doe No. 2 (Food Manager) violated the Eighth Amendment by failing to ensure

sanitary conditions in the MCSP kitchen.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

Courts have generally held that a single incident of food poisoning does not rise to the level of a violation of the Eighth Amendment. *E.g., Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir. 2010). However, "evidence of regular injurious incidents" related to prison food "raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Id.* at 281. *See also George v. King*. 837 F.2d 705, 707 (5th Cir. 1988) ("If prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and authorities without arguable justification refuse to attempt remedial measures, the requisite deliberate indifference might well be manifested or inferred."). Liberally construed, and for the limited purpose of screening under § 1915A, plaintiff has stated potentially cognizable Eighth Amendment claims against Covello, Doe No. 1, and Doe No. 2.[2]

Due Process/First Amendment. Plaintiff alleges that Doe No. 3 (Doctor) and Doe No. 4 (Watch Commander) violated his due process and First Amendment rights by failing to record that his illness was caused by a food-borne pathogen, because this impeded his ability to gather evidence supporting his claim that he had been food poisoned. He alleges that Mosely and Gates

---

[2] The court cannot direct service of the complaint on an unidentified defendant. Thus, plaintiff must use administrative processes at the prison or the discovery process in this action to identify the Doe defendants. Once identified, plaintiff may seek leave to file an amended complaint naming these defendants. Upon such amendment, the court will direct service upon the currently-unidentified defendants.

similarly violated his due process and First Amendment rights by refusing to provide him information in their grievance responses. Lastly, he alleges that Armenta violated his due process and First Amendment rights by failing to mail his government tort claim filing.

In a prison setting, a liberty interest is recognized and protected by the Due Process Clause where the conditions of confinement impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). When prison officials deprive an inmate of a protected liberty interest, they must provide certain procedural safeguards. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Melnick v. Dzurenda*, 14 F.4th 981, 985 (9th Cir. 2021).

Plaintiff's complaint lacks allegations that would show that the conduct of defendants Mosely, Gates, Doe No. 3, or Doe No. 4 deprived him of a liberty interest protected by due process. It is established that prisoners do not have a protected interest in the processing of their grievances, and thus the grievance responses by Mosely and Gates do not provide a basis for a due process claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, there is no constitutionally protected liberty interest in accurate prison record-keeping, and thus the alleged failure of Doe No. 3 and Doe No. 4 to record the cause of plaintiff's illness does not provide a basis for a due process claim. *Wheeler v. Allison*, No. 21-cv-01945-JLS-BGS, 2022 U.S. Dist. LEXIS 101904, at *19-20 (C.D. Cal. June 7, 2022).

The First Amendment guarantees prisoners the right to seek redress of grievances from prison authorities and a right of meaningful access to the courts. *Jones v. Williams*, 791 F.3d 1023, 1035-36 (9th Cir. 2015). These rights may encompass a right to gather evidence to support a grievance or legal claim. *Minerly v. Holt*, No. 17-cv-520-SMY, 2020 U.S. Dist. LEXIS 54673, at *10-11 (S.D. Ill. Mar. 30, 2020). *But see Garcia v. L.A. Cnty. Sheriff Dep't*, No. CV 15-08329-DOC (DFM), 2017 U.S. Dist. LEXIS 8254, at *16-17 (C.D. Cal. Jan. 19, 2017) (finding no viable § 1983 claim based, in part, on the denial of evidence-gathering to support an inmate grievance). Liberally construed, and for the limited purpose of screening under § 1915A, the court finds that plaintiff has stated a potentially cognizable First Amendment claim against Gates and Mosely for

impeding his efforts to gather evidence to support his grievance and legal claim.

However, a single negligent act does not violate the First Amendment. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1214-15 (9th Cir. 2017) (Bybee, J., concurring) (merely negligent conduct is insufficient to state a § 1983 claim, including a First Amendment claim); *Kincaid v. Vail*, 969 F.2d 594, 602 & n.10 (7th Cir. 1992) (access to court claim could not be premised on a single negligent act). Plaintiff has not alleged that Doe No. 3 and Doe No. 4 acted with the intent to prevent plaintiff from gathering evidence to support his grievance when failing to record the cause of plaintiff's illness. From the allegations of the complaint, it is equally plausible that these defendants did not record food poisoning because they did not know the cause of the illness or because they simply forgot. Thus, plaintiff has failed to allege sufficient facts to state a cognizable First Amendment claim against Doe No. 3 and Doe No. 4.

While it is unclear that due process is implicated by Armenta's conduct (plaintiff does not identify a liberty interest involved in Armenta's conduct), prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). "Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation." *Schoppe-Rico v. Rupert*, No. C 11-4283 YGR (PR), 2012 U.S. Dist. LEXIS 140927, at *11 (N.D. Cal. Sep. 28, 2012) (collecting cases). Because Armenta's alleged failure to send the filing to the government claims board may have impacted plaintiff's ability to pursue a legal claim, the court finds, liberally construed and for the purposes of § 1915A screening only, that plaintiff has stated a potentially cognizable First Amendment claim against Armenta.[3]

Negligence. Lastly, plaintiff pursues California negligence claims against Covello, Doe No. 1 (Supervising Cook), Doe No. 3 (Doctor), Doe No. 4 (Watch Commander), Mosely, Gates, Doe No. 5 (Nurse), and Armenta. In California, to state a claim for negligence, a plaintiff must

---

[3] Armenta's alleged failure to mail plaintiff's filing may provide an excuse for his apparent failure to comply with the claim presentation requirement of California's Tort Claims Act (*State of California v. Superior Court*, 22 Cal. 4th 1234, 1243, 1245 (2004)). Thus, the court will not, at this time, dismiss plaintiff's state-law negligence claims for failure to present them to the state claims board.

7

allege that (1) the defendant owed a legal duty to use reasonable care, (2) the defendant breached that duty, and (3) there is a proximate cause connecting the breach to (4) plaintiff's injury. *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998).  Liberally construed, and for the limited purpose of screening under § 1915A, plaintiff has stated potentially cognizable negligence claims against Covello, Doe No. 1 (the supervising cook), Doe No. 3 (the food manager), Mosely, Gates, Doe No. 4 (the watch commander), Doe No. 5 (the nurse), and Armenta.

<u>Summary of Order</u>

The court finds that plaintiff has stated potentially cognizable: (1) Eighth Amendment claims against Covello, Doe No. 1, and Doe No. 2; (2) First Amendment claims against Mosely, Gates, and Armenta (but not Doe No. 3 or Doe No. 4); and (3) California negligence claims against Covello, Doe No. 1, Doe No. 3, Doe No. 4, Doe No. 5, Mosely, Gates, and Armenta. Plaintiff has not stated any cognizable due process claims.  Plaintiff may proceed on the claims recognized herein as potentially cognizable, or he may opt to file an amended complaint to attempt to state cognizable due process claims and/or cognizable First Amendment claims against Doe No. 3 or Doe No. 4.

<u>Leave to Amend</u>

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2, 4) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, the following potentially cognizable claims:
   a. for violation of the Eighth Amendment against defendants Covello, Doe No. 1, and Doe No. 2;
   b. for violation of the First Amendment against defendants Mosely, Gates, and Armenta;
   c. for negligence against defendants Covello, Doe No. 1, Doe No. 3, Doe No. 4, Doe No. 5, Mosely, Gates, and Armenta.
4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: August 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD EUGENE MOTLEY,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, et al.,<br><br>    Defendants. | No.  2:24-cv-00002-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____    proceed only with the specific claims identified in the Screening Order against defendants Covello, Doe Nos. 1-5, Mosely, Gates, and Armenta.

OR

(2) _____    delay serving any defendant and file an amended complaint.

_____
                                                                                  Plaintiff

Dated:

10