UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MOTLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, et al.,<br><br>    Defendants. | No. 2:24-cv-00002-DJC-EFB (PC)<br><br>ORDER |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's complaint alleging First Amendment, Eighth Amendment, and state law negligence claims related to allegedly unsanitary food service at the Mule Creek State Prison (MCSP). ECF Nos. 1, 7. Plaintiff has filed two motions for a temporary restraining order and/or preliminary injunctive relief (the "TRO Motions"). ECF Nos. 11, 41. Both TRO Motions request similar relief and indeed the second TRO Motion is captioned as a motion to "renew" the first TRO Motion.

    Presently before the court is defendants' ex parte application for leave to file additional briefing on the first TRO Motion. ECF No. 47. Defendants point out that it has been over five months since they provided their brief in opposition to the first TRO Motion (ECF No. 26 (filed April 16, 2025)). They have since taken plaintiff's deposition, and they also maintain that there have been further developments at the prison "that directly and/or indirectly relate to the

1

1  conditions of the subject dining hall." ECF No. 47 at 2, 3 (Greene declaration).  They argue they

2  should have an opportunity to augment the record given the "massive impact" to operations at the

3  prison if the court were to grant plaintiff's requested relief which includes closure of Dining Hall

4  B.  *Id*. at 2.

5      The court finds defendants' arguments for leave to supplement to be well-taken, both for

6  the reasons cited by defendants and also because plaintiff has provided additional evidentiary

7  exhibits with his second TRO Motion, filed September 8, 2025 (ECF No. 41).  The court will

8  grant defendants' motion.  At their discretion, defendants may submit a single pleading

9  incorporating both their supplemental response to the first TRO Motion (ECF No. 11) as well as

10  their response to the second TRO Motion (ECF No. 41).

11      Defendants should address both 1) the intervening developments which they maintain are

12  relevant to plaintiff's first TRO motion as well as 2) the evidentiary exhibits submitted with

13  plaintiff's second TRO motion.  The latter includes the declarations provided by MCSP inmates

14  (ECF No. 41 at 5-16) and reports regarding faulty equipment and insufficient hot water in the

15  dining hall (ECF No. 41 at 18-22).  The court will sua sponte extend the deadline for response to

16  the second TRO Motion to allow defendants to submit a single pleading responsive to both TRO

17  Motions, should defendants choose to do so.[1]

## ORDER

19      Accordingly, IT IS ORDERED that:

20      1. Defendants' ex parte application for leave to submit supplemental briefing, ECF No.

21  47, is GRANTED.

22      2. Defendants shall file their supplemental briefing in response to the first TRO Motion

23  (ECF No. 11) no later than October 27, 2025.

24      3. The deadline for defendants to file their response to the second TRO Motion (ECF No.

---

[1] District courts have inherent power to control their dockets to promote efficient use of judicial resources and "it is common for district courts to sua sponte extend deadlines" for this purpose. *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv5410GPC(WVG), 2014 WL 6851607, at *25 (S.D. Cal. June 16, 2014) (citations omitted); *see also Barnes v. Blackburn*, No. 1:20-cv-333-DAD-EPG (PC), 2021 WL 2666068, at *1 (E.D. Cal. June 29, 2021) (court sua sponte allowed 21 day extension of time to file response).

41) is extended to October 27, 2025 so that defendants may at their discretion file a single pleading incorporating both their supplemental response to ECF No. 11 and their response to ECF No. 41.

    4.  Plaintiff shall have until November 10, 2025 to file his reply.

Dated: October 7, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE