UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MOTLEY, | No. 2:24-cv-00002-DJC-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff's complaint alleges First Amendment, Eighth Amendment, and state law negligence claims related to his illness allegedly caused by unsanitary food service at the Mule Creek State Prison (MCSP). ECF Nos. 1, 7. The named defendants are Acting Warden of MCSP Luis Garnica (substituted for former Warden Patrick Covello);[1] Appeals Coordinator H. Moseley; Chief of Health Care Appeals S. Gates; and Correctional Counselor C. Armenta.[2] Plaintiff has filed several motions which are now before the court. They include plaintiff's motions to appoint counsel, ECF No. 28; to strike defendants' affirmative defenses, ECF No. 27, ECF No. 29; to

---

[1] Garnica has been substituted due to Covello's retirement. ECF No. 44. Plaintiff's discovery motions were filed before the substitution, and for this reason responses that Covello made are referenced as such in this order.

[2] Plaintiff also has named several Doe defendants (correctional supervising cook, correctional food manager, medical doctor, watch commander at MCSP, and medical nurse).

1

compel and for sanctions, ECF No. 31; to determine sufficiency of responses to requests for admission (RFAs), ECF No. 33, ECF No. 45; for an extension of the discovery and scheduling order, ECF No. 39; and a request for judicial notice, ECF No. 30.  Each is addressed below.

## Plaintiff's Motion to Appoint Counsel (ECF No. 28)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional cases, the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered these factors, the court finds there are no exceptional circumstances in this case at this time and the motion must be denied.  ECF No. 28.

## Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 27)

Plaintiff moves to strike defendants' first, third, fifth, sixth, seventh, eighth, and ninth affirmative defenses.  ECF No. 27.  He argues that each of these affirmative defenses is insufficient in law, that all but the ninth affirmative defense fails to give fair notice, and that the ninth affirmative defense is not a defense at all.

Defendants respond that a motion to strike should not be granted unless it appears to a certainty that the defendant could not state any set of facts which could be proved in support of the defenses.  ECF No. 29 at 2 (citing *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010)).  They further note that if any affirmative defense is not sufficient, leave to amend is to be liberally granted under Rule 15(a) of the Federal Rules of Civil Procedure.  *Id*.

Defendants nevertheless propose to withdraw their seventh affirmative defense citing the Prison Litigation Reform Act, and their ninth affirmative defense regarding punitive damages.  *Id.* at 6.  The court accepts withdrawal and will proceed to address the affirmative defenses that

remain at issue.

Rule 12(f) of the Federal Rules of Civil Procedure provides that motions to strike may be brought within 21 days after service of a pleading, although the court may consider an untimely motion to strike where it seems proper to do so. *Harrell v. Puckett*, No. 2:23-cv-1448-DC-DMC, 2025 WL 2257459, at *1 (E.D. Cal. Aug. 7, 2025) (citing *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011)). Plaintiff filed his motion to strike (ECF No. 27) on April 21, 2025, which was 33 days after defendants filed their answer (ECF No. 23) on March 19, 2025. In light of plaintiff's pro se status, and because the motion to strike was only 12 days tardy, the court will consider the motion.

The Ninth Circuit Court has ruled that a "fair notice" standard applies to pleading of affirmative defenses. *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). There is some uncertainty whether this means affirmative defenses must meet the heightened pleading standard dictated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 5662 (2009). Some district courts have taken the view that the *Twombly/Iqbal* standard applies. *See AirWair International Ltd. v. Zoetop Business Co., Ltd*, No. 24-cv-08437-SI, 2025 WL 2653638, at *4-5 (N.D. Cal. Sept. 16, 2025) (citations omitted).

Other courts have concluded that the *Twombly/Iqbal* pleading standard should not apply because "Rule 8(a)(2) requires a pleader to show they are entitled to relief, while Rule 8(b)(1)(A) only requires the responding party to state its defenses."[3] *Lewis v. Hilltop Group, L.P.*, No. 25-cv-03398-HSG, 2025 WL 2899511, at *2 (N.D. Cal. Oct. 10, 2025) (cleaned up and citation omitted); *see also* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed. 2025) (the "better view" is that the plausibility standard of the *Twombly* and *Iqbal* cases applies to affirmative claims for relief rather than affirmative defenses, and "a Rule 12(f) motion is an inappropriate vehicle for challenging legally sufficient defenses that lack the level of factual detail that would be required to satisfy plausibility pleading"); *id*. at § 1274 ("*Twombly*'s plausibility standard is

---

[3] Another approach has held that the fair notice requirement for an affirmative defense is "fairly low" but does require pleading some valid factual basis in support. *Gibralter, LLC v. DMS Flowers, LLC*, No. 1:24-cv-00174-CDB, 2025 WL 2208137, at *1-2 (E.D. Cal. Aug. 4, 2025).

based on an interpretation of Rule 8(a)(2)'s requirement of a 'showing' of entitlement to relief," but there is no similar language in Rule 8(c) regarding affirmative defenses).[4] The *Lewis* opinion went on to explain that:

> Additional "practical reasons … militate against extending *Twombly* and *Iqbal* to affirmative defenses," including the fact that "defendants typically have a far more compressed timeline … to respond" to a complaint and, "unlike a plaintiff who can usually freely amend her complaint if the Court finds that she fails to state a claim, a defendant is required to raise all affirmative defenses in her answer or otherwise risk waiving them."

2025 WL 2899511, at *2 (quoting *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 868 (N.D. Cal. 2023)). The court in *Lewis* "decline[d] to exercise its discretion to strike [] affirmative defenses absent any showing that doing so would meaningfully streamline this litigation."[5] *Id*.

This court agrees with the view expressed in *Lewis*, that Rule 8(b)(1)(A) & (c) require only that an answering party state its affirmative defenses and that general boilerplate language is enough to give fair notice of a defense. *Id*. The substantive merits of an affirmative defense are more effectively litigated through the usual methods of discovery, motions practice, and trial, rather than litigation over the sufficiency of a defendant's answer under Rule 8. The court thus applies the Rule 8(c) standard to the affirmative defenses that remain at issue here and finds no basis to strike them from defendants' answer for the reasons outlined below.

<u>Failure to exhaust administrative remedies (First Affirmative Defense)</u>. Plaintiff points out that defendants' answer admits that plaintiff exhausted grievance Log #266124. ECF No. 27 at 1. But defendants respond that "this admission in no way resolves the question of whether such appeal was sufficient to exhaust *all* of the claims that plaintiff asserts in this matter and as to *all* of the named defendants." ECF No. 29 at 3-4 (emphasis in original). From another perspective, plaintiff is clearly aware that grievance exhaustion is a possible affirmative defense

---

[4] According to the Wright & Miller treatise, a Rule 12(f) motion to strike an affirmative defense "will not be granted if the insufficiency of the defense is not clearly apparent, or it raises factual issues that should be determined on a hearing on the merits." 5C Fed. Prac. & Proc. Civ. § 1381 (footnotes omitted).

[5] "When a motion under Rule 12(f) to strike a defense is granted, it is often with leave to amend[.]" 5C Fed. Prac. & Proc. Civ. § 1381 (footnotes omitted). This of course does not serve to "meaningfully streamline" the litigation. *See Lewis*, 2025 WL 2899511, at *2.

and the fair notice requirement of Rule 8(c) is satisfied. Defendants have given adequate notice that they have not conceded the issue of grievance exhaustion as to all claims and all defendants. This is sufficient.

<u>Failure to mitigate damages (Third Affirmative Defense)</u>. Plaintiff asserts that fair notice requires defendants to provide a factual basis for their affirmative defense that plaintiff failed to mitigate damages. ECF No. 27 at 2. Defendants acknowledge that it is their burden to establish any failure to mitigate damages as to plaintiff's federal and state law claims and argue that this is a proper affirmative defense which should not be stricken. ECF No. 29 at 4. The court agrees. Defendants have given sufficient notice required by Rule 8(c) for this defense.

<u>Failure to comply with the California Government Claims Act (Fifth Affirmative Defense)</u>. Plaintiff argues that defendants do not describe the "factual basis as to how plaintiff failed to comply." ECF No. 27 at 2. Plaintiff also notes that his complaint alleges that defendants' actions and inactions contributed to plaintiff's having to file a late claim which never made it to the Government Claims Board. *Id*. Defendants respond that plaintiff's allegations "ha[ve] not yet been tested by discovery and cross-examination, which will naturally occur in the coming months" and in the interim they should be allowed to preserve their affirmative defense. ECF No. 29 at 4-5. Defendants have given fair notice of this affirmative defense, and it is also evident that plaintiff is aware that failure to comply with the requirements of the Claims Act is a possible affirmative defense. The substantive merits of plaintiff's claim and defendants' inherently intertwined defense can be litigated in the usual course of litigation.

<u>Contributory Conduct/Negligence (Sixth Affirmative Defense)</u>. Plaintiff argues that defendants do not allege how plaintiff's conduct may have contributed to his injury and damages. ECF No. 27 at 3. Defendants point out that plaintiff has alleged a negligence claim, and contributory negligence is an enumerated affirmative defense under Rule 8(c). ECF No. 29 at 5. As such, they should not be required to abandon a possible contributory negligence defense at the pleading stage before discovery is completed, and before plaintiff identifies Doe defendants. "A generalized statement meets a party's pleading burden with respect to a damages mitigation affirmative defense." *Gibralter*, 2025 WL 2208137, at *3 (internal quotation marks, citation, and

5

1  secondary citations omitted).  Defendants have given sufficient notice of their contributory
2  conduct/negligence defense.
3         <u>Collateral Estoppel (Eighth Affirmative Defense)</u>.  Plaintiff maintains that defendants
4  have not given fair notice of this affirmative defense because they "offer no proof of any case in
5  which plaintiff has litigated the merits of any of the claims herein."  ECF No. 27 at 3.  Collateral
6  estoppel is another enumerated defense under Rule 8(c), and as defendants point out, discovery
7  may reveal facts to support this affirmative defense.  Defendants represent that they "will
8  certainly consider dismissing this affirmative defense if supporting facts are not developed" but
9  dismissal at this juncture would be premature and unfair.  ECF No. 29 at 5.  As defendants
10 acknowledge, they may ultimately be unable to bring forward evidence to support this defense,
11 and it will either fail at summary judgment or trial or be withdrawn.  But this does not mean the
12 defense must be proven, or else foreclosed, at the pleading stage.  *See Lewis*, 2025 WL 2899511,
13 at *2 (defendant is required to raise affirmative defenses or risk losing them).
14       The seventh and ninth affirmative defenses have been withdrawn and will be stricken
15 from defendants' answer.  For the reasons set forth above, plaintiff's motion to strike the
16 remaining affirmative defenses must be denied.
17                                Plaintiff's Discovery Motions
18       Plaintiff has filed three separate and largely unrelated motions related to discovery
19 matters.  The first is a motion to compel answers to interrogatories and for sanctions, which
20 plaintiff filed before he received defendants' answers.  The second is a motion to determine the
21 sufficiency of defendants' response to requests for admission (RFAs).  The third is a motion to
22 extend the time frame for discovery, which plaintiff filed shortly after the scheduled end date for
23 the close of discovery.  The court addresses each motion in turn.
24 A.   <u>Plaintiff's Motion To Compel Answers To Interrogatories And For Sanctions (ECF No. 31)</u>
25       On June 9, 2025, plaintiff moved to compel answers to interrogatories because defendants
26 had not answered them.[6]  ECF No. 31 at 1-2.  Apparently, plaintiff had served the interrogatories

---

[6] Plaintiff's motion also states that as of June 9, 2025 he had not received answers to his RFAs, which had been propounded on May 12, 2025.  ECF No. 31 at 2 ¶ 5, *id*. at 3.  Defendants apparently answered the RFAs four days later, on June 13, 2025.  *See* ECF No. 45-1 at 35.

6

on April 14, 2025. *Id*. at 7, 10, 12, 14. Plaintiff's motion also asks for sanctions "no less than $25 for [] copying fees, preparation, and postage fees." *Id*. at 2 ¶ 7.

Defendants respond that the parties conferred on June 17, 2025, and that defendants Covello and Armenta answered the interrogatories on July 11 and July 16, 2025.[7] ECF No. 45-1 at 2-3 ¶¶ 4-5. Plaintiff has not filed a reply, nor disputed defendants' representations. On this record, and because plaintiff has not disputed the representations in defendants' response, plaintiff's motion to compel and for sanctions will be denied as moot.

B.      Plaintiff's Motion To Determine Sufficiency Of Responses To RFAs (ECF No. 33)

Plaintiff requests that the court determine the sufficiency of defendants' answers to plaintiff's first set of RFAs, and he requests discovery sanctions as well. Preliminarily, the court notes that defendants did answer the RFAs. They stated their objections to each of the RFAs and then answered by denying the RFAs "without waiving any objections." *See generally* ECF No. 33 at 16-36.

1.      Legal Standard

Rule 36(a)(4) requires that an answer to a request for admission "fairly respond to the substance of the matter" and if the answer must be qualified, then it "must specify the part admitted and qualify or deny the rest." Also, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*. The Ninth Circuit Court has explained that an answer does not

---

Plaintiff's motion regarding the RFA answers (ECF No. 33) is addressed below. To the extent plaintiff's motion to compel was intended to include the not-yet-received answers to his RFAs, this issue is moot.

[7] It appears that defendants sent a letter to plaintiff proposing to narrow the motion to compel to exempt interrogatories that plaintiff had propounded to defendants Moseley and Gates, but plaintiff states he declined this proposal. ECF No. 39 at 2 ll. 17-23; ECF No. 45 at 3; ECF No. 45-1 at 38.
    Plaintiff has not filed any other motion related to the interrogatories, or about any lack of response from Moseley and Gates. Subsequently, after the close of discovery, plaintiff filed a motion for an extension of the discovery and scheduling order which in part complains of insufficient interrogatory responses. *See* ECF No. 39. The court addresses plaintiff's motion for extension of time (ECF No. 39) below.

necessarily comply with Rule 36(a) merely because it states that the party has made reasonable inquiry and that the information necessary to admit or deny is not readily obtainable; nor does an answer comply with the rule if the answering party has not, in fact, made a reasonable inquiry, or if readily obtainable information is sufficient to enable him to admit or deny the matter. *Asea, Inc. v. Southern Pacific Transp. Co.,* 669 F.2d 1242, 1246–47 (9th Cir.1981). Aside from the requirement of reasonable inquiry, an answering party need not explain the basis for a denial. *Palomo v. Best Buy Co., Inc.*, No. CV 20-08969-FMO (AGRx), 2021 WL 4509190, at *2 (C.D. Cal. Apr. 16, 2021).

Upon a motion to determine the sufficiency of an answer, the court must order that an answer be served unless an objection is justified. Rule 36(a)(6). If an answer is determined to be insufficient, the court may order "either that the matter is admitted or that an amended answer be served." *Id*.

        2.        Sufficiency Of Collective RFA Answers

As a threshold matter, plaintiff addressed his first set of RFAs to all four defendants collectively. *See* ECF No. 33 at 16. Defendants objected to each of the RFAs on the grounds that "it is procedurally improper to ask multiple parties to jointly respond," citing Rule 36(a)(1).[8] *See generally id*. at 17-35. Defendants also noted that they "each held vastly different positions within CDCR during the alleged events in question" meaning that their collective responses would not reflect their differing knowledge and ability to investigate. *See, e.g.*, ECF No. 33 at 17; ECF No. 45-1 at 16-17 (response to RFA No. 2). Defendants nevertheless proceeded to answer to the extent possible each of the RFAs by denying them as "defendants" answering collectively,

---

[8] Plaintiff apparently attempted to cure this procedural defect at least in part, by preparing a second set of RFAs directed specifically to Patrick Covello. ECF No. 33 at 3, 79-82 (motion to compel); ECF No. 39 at 2 ll. 11-13 (motion for extension of time). It is unclear from this record whether Covello has answered the second set of RFAs as directed individually to him. *See* ECF No. 45 at 3; ECF No. 39 at 2 ll.24-26 (stating that Covello responded to interrogatories, without mentioning any response to Covello RFAs).
Because the parties have provided no further information regarding the Covello RFAs, the court here confines its analysis here to the sufficiency of defendants' collective answers to the first set of RFAs.

without specifying or verifying any of their individual responses.

Rule 36(a) states that "a party" may serve RFAs on "any other party" and it describes how the "answering party" may respond. Defendants are correct that RFAs should be directed to individual defendants. *See Owens v. DeGazio*, No. 2:16-CV-2750 JAM, 2019 WL 4929812, at *2 (E.D. Cal. Oct. 7, 2019) (requests for admission collectively addressed to all defendants were procedurally defective, but defendants individually answered the requests and later sent signed verifications; the court therefore addressed the sufficiency of defendants' answers).

Plaintiff's collective framing of the first set of RFAs was procedurally defective, but, as in *Owens*, the court will not require a pro forma re-stating of the RFAs to address them to the individual defendants. *See Owens*, 2019 WL 4929812, at *2. The individual defendants may respond to them based upon their own personal knowledge and ability to investigate. Obviously, defendants' current collective answers are insufficient, but that inadequacy was occasioned by plaintiff's improperly framed requests.

As defendants themselves recognize, their collective answers do not fairly show their individual ability to investigate and knowledge. Accordingly, they must amend their answers to provide their individual (and verified) answers to the first set of RFAs.

### 3. Sufficiency Of Defendants' Inquiries

Plaintiff points out that defendants' answers fail to state whether they conducted a reasonable good faith investigations before making their denials, as required by Rule 36(a) and *Asea*. ECF No. 33 at 7. That certification is required, and defendants must amend their answers to state whether they have made reasonable inquiry and, as appropriate, whether sufficient information is readily obtainable to each of them according to their positions within CDCR. *Asea,* 669 F.2d at 1246–47.

### 4. Defendants' Objections

As noted, defendants answered each of the RFAs with collective denials, after making (and without waiving) objections. Plaintiff disputes defendants' objections, as follows.

////

////

9

### a) Relevance And Proportionality

Defendants objected to the relevance and proportionality of the RFAs. Plaintiff argues that these objections are illogical. ECF No. 33 at 4. Illogical or not, "the Court does not consider [such] general objections" in evaluating the sufficiency of an answer to a request for admission, so long as defendants answer by admitting or denying the request. *Brown v. Lithia Motors, Inc.*, No. 2:24-cv-01861-LK, 2025 WL 1642390, at *3 (W.D. Wash. June 10, 2025); *Hash v. Rallos*, No. 2:20-cv-1272-TLN-AC, 2024 WL 4367660, at *5 (E.D. Cal. Oct. 1, 2024) (defendants' responses to requests for admission were sufficient because they "either admitted or denied the requests despite any objections"). Defendants have answered, although as noted above their answers are insufficient for other reasons (lack of individual response and lack of statements as to their reasonable inquiry). Therefore the court will not further consider defendants' general boilerplate objections to relevance and proportionality.

### b) Vague and Ambiguous Terminology

Defendants objected to some terms in some of the RFAs. *See, e.g.*, ECF No. 33 at 25 (objection to the term "was insufficient" in RFA No. 9). Plaintiff argues that these terms are not vague or ambiguous, and that defendants' objections to terminology are an avoidance of their duty to undertake a good faith investigation. *Id.* at 5-6. Plaintiff is conflating terminology objections with the duty to make reasonable inquiry. Objections to vagueness and ambiguity "implicate the evidentiary value of the request rather than [defendant's] ability to answer the request, and [defendant] is free to qualify his answers with respect to any terms he finds to be vague or ambiguous." *Hash*, 2024 WL 4367660, at *5. Ultimately, "[i]f plaintiff believes a response is untruthful, he will be free to attempt to impeach defendants with any evidence he has to the contrary should the case proceed to trial." *Id.* Defendants are free to object to terminology, as long as they make reasonable inquiry and answer. The court will not overrule defendants' objections to terminology.

### c) Compound RFAs

Defendants objected to RFA Nos. 2, 10, 11, 12, 13, 14, and 20 on the grounds that they are framed as compound requests. Plaintiff argues that compound objections are a "play on

1  words." ECF No. 33 at 5.

2  "A request for admission must be capable of being answered with a simple admission or
3  denial; they are not devices for discovery specific information." *Trevino v. Burke*, No. 2:21-cv-
4  1415-DJC-JDP, 2024 WL 199006, at *4 (E.D. Cal. Jan. 16, 2024) (citing *Misco, Inc. v. United*
5  *States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986)); *see also Hash*, 2024 WL 4367660, at *5
6  (an answering party is free to qualify their answers with respect to vague or ambiguous terms).

7  The court examines each of these RFAs and (1) overrules defendants' compound form
8  objections to RFA Nos. 2, 10, 12, and 14, but (2) sustains defendants' compound form objections
9  to RFA Nos. 11, 13, and 20, as follows:

10  RFA No. 2. Plaintiff was examined at the emergency room and diagnosed with Enteritis
11  on May 27, 2022.

12  Analysis. The form of RFA No. 2 is capable of being answered with a simple admission
13  or denial, subject to any qualifications. Defendants' objection is overruled.

14  RFA No. 10. That between May of 2022 and August of 2024 the trays were regularly
15  washed with lukewarm water and used to feed the population.

16  Analysis. The form of RFA No. 10 is capable of being answered with a simple admission
17  or denial, subject to any qualifications. Defendants' objection is overruled.

18  RFA No. 11. That between May of 2022 and August of 2024 there have been multiple
19  individual and Mac Representative generated complaints regarding lack of hot water and overall
20  cleanliness of the dining hall on "B" facility at MCSP.

21  Analysis. The form of RFA No. 11 is compound to such an extent that it is not capable of
22  being answered with a simple admission or denial. Defendants' objection to the compound form
23  of RFA No. 11 is sustained.

24  RFA No. 12. That incarcerated persons on "B" facility are often fed meals on orange
25  trays that sit outside overnight and are transported to the dining hall in garbage bins.

26  Analysis. The form of RFA No. 12 is capable of being answered with a simple admission
27  or denial, subject to any qualifications. Defendants' objection is overruled.

28  ////

<u>RFA No. 13</u>.  That multiple incarcerated persons on "B" facility at MCSP have complained of being ill after consuming food, especially chicken, prepared in the dining hall between May 2022 – August 2024.

<u>Analysis</u>.  The form of RFA No. 13 is compound to such an extent that it is not capable of being answered with a simple admission or denial.  Defendants' objection to the compound form of RFA No. 13 is sustained.

<u>RFA No. 14</u>.  That a "B" facility dining hall staff member unassigned an incarcerated person for refusing to serve food that had insects in it.

<u>Analysis</u>.  The form of RFA No. 14 is capable of being answered with a simple admission or denial, subject to any qualifications.  Defendants' objection is overruled.

<u>RFA No. 20</u>.  That no other incarcerated person on "B" facility aside from plaintiff and declarant Ciara Starr (CDCR # BE6489) has complained to medical personnel or by way of administrative appeal that they were ill after consuming food prepared in the dining hall. (beginning from May 2022 – the current date).

<u>Analysis</u>.  The form of RFA No. 20 is compound to such an extent that it is not capable of being answered with a simple admission or denial.  Defendants' objection to the compound form of RFA No. 20 is sustained.

        d)   <u>Argumentative/Speculative Objection to RFA No. 15</u>

Defendants have objected to RFA No. 15 on the grounds that it is argumentative and cannot be answered without speculation.  Plaintiff maintains this is another "play on words." ECF No. 33 at 5.

<u>RFA No. 15</u>.  That defendant P. Covello, was well aware of the many deficiencies regarding the food services at MCSP, from staff misconduct, cleanliness, rodents and roaches, small food portions, lack of hot water, to the maintenance of the dining hall on "B" facility, between May of 2022 – August of 2024.

<u>Analysis</u>.  The question posed to Covello is a fair one, albeit in compound form.  Covello may answer with a separate "yes or no" as to each condition recited (staff misconduct, cleanliness, rodents and roaches, etc.), subject to his objections and qualifications.  Defendants'

objection is overruled.

### 5. Defendants Must Provide Amended Answers To The First Set Of RFAs

In summary: (1) defendants must each provide their individual amended (and verified) answers to plaintiff's first set of RFAs, including as appropriate as to their reasonable inquiry and access to information and any qualifications of their answers;[9] (2) defendants' compound form objections to RFA Nos. 11, 13, and 20 are sustained; (3) defendants' compound form objections to RFA Nos. 2, 10, 12, and 14 are overruled; and (4) defendants' argumentative and speculative objection to RFA No. 15 is overruled.

## C. Plaintiff's Motion To Extend The Discovery And Scheduling Order (ECF No. 39)

Plaintiff has asked the court to allow an additional 90 days for discovery. ECF No. 39 at 1. He sets forth a timeline of the parties' discovery exchanges between April 14 and July 30, 2025. *Id*. at 1-3. He alleges that defendants have not been responsive to his discovery requests. *Id*. at 4. However, the only discovery motions that plaintiff has filed are 1) his mooted motion to compel answers to interrogatories, and 2) his motion to determine the sufficiency of defendants' answers to his RFAs. Both of these motions are addressed above. Nonetheless, this request to extend timelines describes an additional and serious issue with defendants' lack of response to plaintiff's requests for production (RFPs).[10]

Plaintiff claims that defendants' counsel informed plaintiff in a telephone conversation on June 27, 2025 that defendants had not received plaintiff's first set of RFPs (mailed May 22, 2025). *Id*. at 4. Later in the same June 27, 2025 conversation, counsel stated he had found them and would answer in 2 weeks. *Id*. But plaintiff maintains that after he was deposed on July 30,

---

[9] If the parties have agreed to limit the RFAs to only some of the four defendants, only those defendants whose answers have been agreed to must provide their amended answers.
Also, If defendant Covello (or Garnica substituted for Covello) has already responded to the second set of RFAs addressed specifically to him (ECF No. 33 at 3, 79-82), and if his answers are compliant with this order, then he need not further amend his answers.

[10] Plaintiff's motion also implies issues with lack of response to his interrogatories. The record appears to show that defendants Covello and Armenta did respond to plaintiff's interrogatories, but it is unclear whether Moseley and Gates have responded. ECF No. 39 at 2 ll.24-26; *id*. at 4 ll.26-28 to 5 l.1. But the motion is too unclear and the record too muddled for the court to discern whether it is appropriate to order any responses or supplemental responses to the interrogatories.

1    2025, counsel again stated that defendants had not received plaintiff's RFPs. The court infers

2    from plaintiff's motion that defendants have not responded to plaintiff's RFPs, at least as of

3    August 8, 2025, when plaintiff filed this motion with his timeline showing no response to the

4    RFPs.[11]  ECF No. 39 at 1-3.

5    <u>Defendants Have Not Responded to This Motion</u>. Defendants have not responded to the

6    motion (ECF No. 39), leaving the court without their substantive response to the claim that they

7    have failed to answer plaintiff's RFPs. As such, the court views the motion as unopposed. *See*

8    *also* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court

9    as a non-opposition to the motion").

10   <u>Analysis</u>.  Plaintiff's request for additional time to complete discovery is not really a

11   satisfactory solution to the issue he apparently seeks to resolve, which is defendants' alleged

12   failure to respond to plaintiff's RFPs. Because defendants have not disputed this alleged failure,

13   the court infers that plaintiff's claim is accurate. Clearly, if there are discovery requests for which

14   defendants have not provided response, they must do so. Some extension of time may be

15   necessary to allow this to happen, but a blanket extension of all discovery deadlines is not

16   appropriate.

17   Plaintiff's request for a blanket extension of discovery deadlines is denied. However, the

18   court exercises its inherent power to control its docket and manage its schedule and revises the

19   scheduling order to require defendants to respond to plaintiff's RFPs before the parties bring and

20   complete their briefing on their dispositive motions, so that this case may proceed in an orderly

21   manner.[12]  *See Evantson Insurance Co. v. Frederick*, No. 8:23-cv-00882-FWS-KES, 2025 WL

---

[11] There are RFPs attached to plaintiff's separate motion to compel, as Exhibit F. ECF No. 33 at 61-78. The court infers that these are the RFPs in question.

[12] Plaintiff has filed a dispositive motion he has designated as his request for terminating sanctions "and/or" for summary judgment. ECF No. 53. His argument for terminating sanctions is that he maintains: (1) defendant Moseley made inaccurate statements in response to a grievance (which was nevertheless granted in plaintiff's favor); (2) defendant Armenta failed and/or refused to forward plaintiff's request to file a late claim to the Government Claims Board; (3) non-defendant witness declarant Michael Lee made inaccurate representations in his declaration; and (4) MCSP officials inaccurately claimed in a response to plaintiff's grievance that there have been no reports of food borne illness. *Id*. at 7-8. These are all presumptively disputed factual issues to be determined in the course of resolving plaintiff's claims and may be addressed as such in the dispositive motion briefing. Plaintiff may include his arguments for

1090958, at *1-2 (C.D. Cal. Apr. 3, 2025) (court sua sponte used its discretion to amend scheduling order to permit defendants to file an amended motion for summary judgment); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."). Defendant shall respond to the RFPs within 14 days of the service of this order.

Plaintiff's Request for Judicial Notice (ECF No. 30)

Plaintiff asks the court to take judicial notice of the following:

    A.  There are current pest infestation issues in "B" dining at MCSP.

    B.  There is a current build up of mold in different areas of "B" dining at MCSP.

    C.  There are [multiple] equipment issues with safety concerns.

    D.  For the past six months (at least) the daily cleaning logs are not being properly recorded.

    E.  Weekly inspector, L. Valadez is Defendant Doe No. 1 in this matter.

ECF No. 30 at 1-2.

The request is denied. According to Rule 201(b)(1) and (2) of the Federal Rules of Evidence, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute" and which are either "generally known within the territorial jurisdiction of the trial court," or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Items A through D are contentions that are subject to proof at trial. They do not meet the criteria for judicial notice under Rule 201(b). Plaintiff's request for judicial notice of Items A through D will be denied.

Item E is also not an appropriate topic for judicial notice. *See Rodgers v. Horsely*, 123 F. App'x 281, 285 (9th Cir. 2005) ("Determinations regarding the status of unnamed parties to a

---

terminating sanctions in that briefing, although the court also notes that a terminating sanction would likely not advance plaintiff's cause.

Defendants have requested and have been granted leave to respond to plaintiff's motion (ECF No. 53) in a single filing together with their own cross-motion for summary judgment. ECF Nos. 58, 59. The court finds no compelling reason to address plaintiff's argument for terminating sanctions in advance of receiving completed briefing on the cross-motions for summary judgment.

litigation are not within the realm of judicially noticeable facts."). Plaintiff may substitute L. Valdez for Doe No. 1 by filing an amended complaint, as noted in the court's November 19, 2024 order of service. *See* ECF No. 12 at 1 n.1.

**ORDER**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to strike defendants' affirmative defenses, ECF No. 27, is DENIED.

2. At defendants' request, ECF No. 29, their seventh and ninth affirmative defenses are withdrawn and stricken from defendants' answer (ECF No. 23).

3. Plaintiff's motion to appoint counsel, ECF No. 28, is DENIED.

4. Plaintiff's request for judicial notice, ECF No. 30, is DENIED.

5. Plaintiff's motion to compel answers to interrogatories and for sanctions, ECF No. 31, is DENIED AS MOOT.

6. Plaintiff's motion to determine sufficiency of defendants' response to plaintiff's first set of requests for admission, ECF No. 33, is GRANTED IN PART AND DENIED IN PART, as follows:

    a) Defendants' objections to RFA Nos. 11, 13, and 20 are SUSTAINED.

    b) Defendants' objections to compound form of RFA Nos. 2, 10, 12, and 14 are OVERRULED.

    c) Defendants' objection to the form of RFA No. 15 is OVERRULED.

    d) Defendants are ORDERED to provide amended answers to RFA Nos. 1-10, 12, and 14-19 of plaintiff's first set of requests for admission, consistent with the analysis set forth in this order, no later than December 31, 2025. Any motions necessary to compel discovery regarding their responses shall be filed no later than January 16, 2026.

7. Plaintiff's motion to extend the discovery and scheduling order to allow an additional 90 days to conduct discovery, ECF No. 39, is DENIED, but an alternative remedy is GRANTED and the court's Scheduling Order of April 7, 2025 (ECF No. 25), as well as its Order of October 7, 2025 (ECF No. 48) are modified as follows:

16

    a) Defendants shall provide responses to plaintiff's requests for production no later than December 31, 2025.  Any motions necessary to compel discovery regarding their responses shall be filed no later than January 16, 2026.

    b) Defendants' deadline for filing their combined motion for summary judgment and opposition to plaintiff's motion for summary judgment is extended to January 30, 2026.

    c) Plaintiff's deadline for filing his reply in support of his motion for summary judgment and his response to defendants' motion for summary judgment is extended to February 20, 2026.

    d) Defendants' deadline for filing their reply in support of their motion for summary judgment is extended to March 6, 2026.

Dated: December 16, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE